UNITED STATES of America,
Plaintiff–Appellee

v.

Eric GARCIA, Defendant–Appellant.

No. 08–40342.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 31, 2008.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

Eric Garcia appeals the sentence imposed after the district court revoked the term of supervised release that he was serving in connection with his 2006 conviction for conspiracy to possess with the intent to distribute marijuana. Garcia argues that the district court's written judgment of revocation conflicts with its oral pronouncement of sentence. The Government agrees. Because the parties had no opportunity at sentencing to consider or object to the written judgment, we review for abuse of discretion. *See United States v. Bigelow,* 462 F.3d 378, 381 (5th Cir. 2006).

Garcia pleaded true at his revocation hearing to violating the terms of his supervised release. The district court consequently revoked Garcia's term of supervised release and imposed a six-month term of imprisonment. In addition, the court, inter alia, imposed as a special condition that Garcia undergo a four-month period of electronic monitoring. The district court did not mention any form of home confinement during its sentencing pronouncement. However, the written judgment specifically imposed on Garcia the special condition of four months of home detention with the possibility of electronic monitoring.

---

If a written entry of judgment conflicts with an oral pronouncement at a sentencing hearing, the oral pronouncement controls. *Bigelow*, 462 F.3d at 381, 383. Accordingly, because the district court's oral pronouncement of sentence conflicts with its written judgment with regard to the imposition of home detention as a special condition, the case is remanded for the district court to amend the written judgment to conform to the district court's oral pronouncement of sentence. *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir.2001).

REMANDED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.